# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

|  |  |
|---|---|
| ERICSSON INC., and TELEFONAKTIEBOLAGET LM ERICSSON, <br><br> Plaintiffs, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Case No. 2:21-cv-00010-JRG <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANTS' ANSWER AND COUNTERCLAIMS

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively "Samsung" or "Defendants") hereby submit their Answer to the Complaint of Plaintiffs Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively "Ericsson" or "Plaintiffs").  Defendants also hereby submit their Counterclaims to Plaintiffs' Complaint. Samsung denies all allegations in Ericsson's Complaint unless expressly admitted in the following paragraphs.  Any admissions herein are for purposes of this matter only.  Samsung also reserves the right to take further positions and raise additional defenses that may become apparent as a result of additional information discovered subsequent to the filing of the Answer and Counterclaims.

## THE PARTIES

1.     Samsung admits Ericsson Inc. purports to be a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 6300 Legacy

Drive, Plano, Texas 75024.  Samsung denies the remaining allegations in paragraph 1 of the Complaint.

2.      Samsung admits Telefonaktiebolaget LM Ericsson purports to be a corporation organized and existing under the laws of the Kingdom of Sweden, having its principal place of business at Torshamnsgatan 21, Kista, SE-164 83, Stockholm, Sweden.  Samsung denies the remaining allegations in paragraph 2 of the Complaint.

3.      Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and, on that basis, denies them.

4.      Samsung admits that Samsung Electronics Co., Ltd. ("SEC") is a corporation organized and existing under the laws of the Republic of Korea with a principal place of business in Suwon, South Korea.  Samsung further admits that the Information Technology & Mobile Communications division has involvement in the design, manufacture, and sale of certain cellular network infrastructure equipment.

5.      Samsung admits that Samsung Electronics America ("SEA") is incorporated under the laws of New York and has its principal place of business in Ridgefield Park, New Jersey, and is a wholly owned subsidiary of SEC.  Samsung further admits that SEA's business includes importing and selling in the United States certain cellular network infrastructure equipment.

## JURISDICTION AND VENUE

6.      Samsung admits that Ericsson purports to set forth an action for patent infringement under the Patent Laws of the United States of America, 35 U.S.C. § 271.  Samsung denies committing acts of infringement at any time.  Samsung admits that, for the purposes of this action only, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

7.      The allegations in paragraph 7 of the Complaint express legal conclusions and thus no response is required.  To the extent a response is required, Samsung will not contest, for purposes of this action only, that venue is proper in this judicial district.

8.      Samsung, for purposes of this case only, will not challenge personal jurisdiction in the Eastern District of Texas.  SEA admits that it has shipped, distributed, offered for sale, sold, and advertised certain products and/or services in the State of Texas and the Eastern District of Texas.  Samsung admits that SEA is SEC's wholly owned subsidiary and maintains an office in Plano, Texas.  SEA admits that it is involved in importing and selling certain smartphones, tablets, other mobile devices, and cellular network infrastructure equipment in the United States.  The remaining allegations in paragraph 8 of the Complaint express legal conclusions and thus no response is required.  To the extent that a response is required, Samsung denies the remaining allegations in paragraph 8 of the Complaint.

9.      Samsung denies the allegations in paragraph 9 of the Complaint.

10.     Samsung denies committing acts of infringement at any time.  Samsung admits that certain Samsung products accused of infringement in this case, to the extent identified in the Complaint, are manufactured by or on behalf of SEC and SEA.  Samsung denies the remaining allegations in paragraph 10 of the Complaint.

11.     Samsung admits Ericsson Inc. purports to be a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 6300 Legacy Drive, Plano, Texas 75024.  On information and belief, Ericsson Inc. is responsible, among other things, for importing and selling cellular network infrastructure equipment to cellular carriers in the United States.  Additionally, on information and belief, Ericsson Inc. is a wholly owned subsidiary of Telefonaktiebolaget LM Ericsson.  Samsung lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of the Complaint and, on that basis, denies them.

## THE ASSERTED PATENTS

12.     Samsung admits the '149 patent is entitled "Call Quality and Coverage Improvement in Mobile Wireless Communication Networks" and was issued on October 30, 2012 with Juan Carlos del Rio Romero, Juan Jose Guerrero Garcia, and Juan Ramiro Moreno listed as the named inventors.  Samsung denies that the '149 patent was "duly and legally issued."  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 of the Complaint and, on that basis, denies them.

13.     Samsung admits the '166 patent is entitled "Apparatus and Method for Scheduling Paging Messages in a Communications Network" and was issued May 19, 2015 with Erik De Wit and Bengt Persson listed as the named inventors.  Samsung denies that the '166 patent was "duly and legally issued."  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of the Complaint and, on that basis, denies them.

14.     Samsung admits the '082 patent is entitled "Array Antenna Arrangement" and was issued August 11, 2015 with Mats H. Andersson, Martin Johansson, Bo Goransson, Ulrika Engstrom, Anders Derneryd, and Sven Petersson listed as the named inventors.  Samsung denies that the '082 patent was "duly and legally issued."  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of the Complaint and, on that basis, denies them.

15.     Samsung admits the '605 patent is entitled "Methods and Apparatuses for Handling Communication in a Communication System Comprising an Access Point and a Wire Line Network Node Connected Via Wire Line to the Access Point" and was issued November 29, 2016 with Kim Laraqui, Henrik Almeida, Per-Erik Eriksson, and Chenguang Lu listed as the named

inventors.  Samsung denies that the '605 patent was "duly and legally issued."  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 of the Complaint and, on that basis, denies them.

16.     Samsung admits the '682 patent is entitled "Methods and Network Nodes for Handling Handover Failures" and was issued June 27, 2017 with Badawi Yamine and Johan Moe listed as the named inventors.  Samsung denies that the '682 patent was "duly and legally issued." Samsung lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 of the Complaint and, on that basis, denies them.

17.     Samsung admits the '066 patent is entitled "Flexible Bearer Handling" and was issued January 1, 2019 with Kim Laraqui, Ioanna Pappa, and Tomas Thyni listed as the named inventors.  Samsung denies that the '066 patent was "duly and legally issued."  Samsung lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 of the Complaint and, on that basis, denies them.

**COUNT I: CLAIM FOR PATENT INFRINGEMENT OF THE '149 PATENT**

18.     Samsung repeats and incorporates by reference the responses of paragraphs 1 through 17 above as though fully set forth herein.

19.     Samsung denies the allegations in paragraph 19 of the Complaint.

20.     Samsung denies the allegations in paragraph 20 of the Complaint.

21.     Samsung denies the allegations in paragraph 21 of the Complaint.

22.     Samsung denies the allegations in paragraph 22 of the Complaint.

23.     Samsung denies the allegations in paragraph 23 of the Complaint.

24.     Samsung denies the allegations in paragraph 24 of the Complaint.

25.     The allegations in paragraph 25 of the Complaint express legal conclusions and thus no response is required.  To the extent that a response is required, Samsung denies the allegations in paragraph 25 of the Complaint.

26.     The allegations in paragraph 26 of the Complaint express legal conclusions and thus no response is required.  To the extent that a response is required, Samsung denies the allegations in paragraph 26 of the Complaint.

27.     The allegations in paragraph 27 of the Complaint express legal conclusions and thus no response is required.  To the extent that a response is required, Samsung denies the allegations in paragraph 27 of the Complaint.

28.     The allegations in paragraph 28 of the Complaint express legal conclusions and thus no response is required.  To the extent that a response is required, Samsung denies the allegations in paragraph 28 of the Complaint.

29.     The allegations in paragraph 29 of the Complaint express legal conclusions and thus no response is required.  To the extent that a response is required, Samsung denies the allegations in paragraph 29 of the Complaint.

30.     The allegations in paragraph 30 of the Complaint express legal conclusions and thus no response is required.  To the extent that a response is required, Samsung denies the allegations in paragraph 30 of the Complaint.

### COUNT II: CLAIM FOR PATENT INFRINGEMENT OF THE '166 PATENT

31.     Samsung repeats and incorporates by reference the responses of paragraphs 1 through 30 above as though fully set forth herein.

32.     Samsung denies the allegations in paragraph 32 of the Complaint.

33.     Samsung denies the allegations in paragraph 33 of the Complaint.

34.     Samsung denies the allegations in paragraph 34 of the Complaint.

35.     Samsung denies the allegations in paragraph 35 of the Complaint.

36.     Samsung denies the allegations in paragraph 36 of the Complaint.

37.     Samsung denies the allegations in paragraph 37 of the Complaint.

38.     The allegations in paragraph 38 of the Complaint express legal conclusions and thus no response is required.  To the extent that a response is required, Samsung denies the allegations in paragraph 38 of the Complaint.

39.     The allegations in paragraph 39 of the Complaint express legal conclusions and thus no response is required.  To the extent that a response is required, Samsung denies the allegations in paragraph 39 of the Complaint.

### COUNT III: CLAIM FOR PATENT INFRINGEMENT OF THE '082 PATENT

40.     Samsung repeats and incorporates by reference the responses of paragraphs 1 through 39 above as though fully set forth herein.

41.     Samsung denies the allegations in paragraph 41 of the Complaint.

42.     Samsung denies the allegations in paragraph 42 of the Complaint.

43.     Samsung denies the allegations in paragraph 43 of the Complaint.

44.     Samsung denies the allegations in paragraph 44 of the Complaint.

45.     Samsung denies the allegations in paragraph 45 of the Complaint.

46.     Samsung denies the allegations in paragraph 46 of the Complaint.

47.     The allegations in paragraph 47 of the Complaint express legal conclusions and thus no response is required.  To the extent that a response is required, Samsung denies the allegations in paragraph 47 of the Complaint.

48.     The allegations in paragraph 48 of the Complaint express legal conclusions and thus no response is required.  To the extent that a response is required, Samsung denies the allegations in paragraph 48 of the Complaint.

49.     The allegations in paragraph 49 of the Complaint express legal conclusions and thus no response is required.  To the extent that a response is required, Samsung denies the allegations in paragraph 49 of the Complaint.

50.     The allegations in paragraph 50 of the Complaint express legal conclusions and thus no response is required.  To the extent that a response is required, Samsung denies the allegations in paragraph 50 of the Complaint.

51.     The allegations in paragraph 51 of the Complaint express legal conclusions and thus no response is required.  To the extent that a response is required, Samsung denies the allegations in paragraph 51 of the Complaint.

## COUNT IV: CLAIM FOR PATENT INFRINGEMENT OF THE '605 PATENT

52.     Samsung repeats and incorporates by reference the responses of paragraphs 1 through 51 above as though fully set forth herein.

53.     Samsung denies the allegations in paragraph 53 of the Complaint.

54.     Samsung denies the allegations in paragraph 54 of the Complaint.

55.     Samsung denies the allegations in paragraph 55 of the Complaint.

56.     Samsung denies the allegations in paragraph 56 of the Complaint.

57.     Samsung denies the allegations in paragraph 57 of the Complaint.

58.     Samsung denies the allegations in paragraph 58 of the Complaint.

59.     The allegations in paragraph 59 of the Complaint express legal conclusions and thus no response is required.  To the extent that a response is required, Samsung denies the allegations in paragraph 59 of the Complaint.

60.     The allegations in paragraph 60 of the Complaint express legal conclusions and thus no response is required.  To the extent that a response is required, Samsung denies the allegations in paragraph 60 of the Complaint.

61.     The allegations in paragraph 61 of the Complaint express legal conclusions and thus no response is required.  To the extent that a response is required, Samsung denies the allegations in paragraph 61 of the Complaint.

62.     The allegations in paragraph 62 of the Complaint express legal conclusions and thus no response is required.  To the extent that a response is required, Samsung denies the allegations in paragraph 62 of the Complaint.

63.     The allegations in paragraph 63 of the Complaint express legal conclusions and thus no response is required.  To the extent that a response is required, Samsung denies the allegations in paragraph 63 of the Complaint.

64.     The allegations in paragraph 64 of the Complaint express legal conclusions and thus no response is required.  To the extent that a response is required, Samsung denies the allegations in paragraph 64 of the Complaint.

## COUNT V: CLAIM FOR PATENT INFRINGEMENT OF THE '682 PATENT

65.     Samsung repeats and incorporates by reference the responses of paragraphs 1 through 64 above as though fully set forth herein.

66.     Samsung denies the allegations in paragraph 66 of the Complaint.

67.     Samsung denies the allegations in paragraph 67 of the Complaint.

68.     Samsung denies the allegations in paragraph 68 of the Complaint.

69.     Samsung denies the allegations in paragraph 69 of the Complaint.

70.     Samsung denies the allegations in paragraph 70 of the Complaint.

71.     Samsung denies the allegations in paragraph 71 of the Complaint.

72.     The allegations in paragraph 72 of the Complaint express legal conclusions and thus no response is required.  To the extent that a response is required, Samsung denies the allegations in paragraph 72 of the Complaint.

73.     The allegations in paragraph 73 of the Complaint express legal conclusions and thus no response is required.  To the extent that a response is required, Samsung denies the allegations in paragraph 73 of the Complaint.

74.     The allegations in paragraph 74 of the Complaint express legal conclusions and thus no response is required.  To the extent that a response is required, Samsung denies the allegations in paragraph 74 of the Complaint.

75.     The allegations in paragraph 75 of the Complaint express legal conclusions and thus no response is required.  To the extent that a response is required, Samsung denies the allegations in paragraph 75 of the Complaint.

76.     The allegations in paragraph 76 of the Complaint express legal conclusions and thus no response is required.  To the extent that a response is required, Samsung denies the allegations in paragraph 76 of the Complaint.

77.     The allegations in paragraph 77 of the Complaint express legal conclusions and thus no response is required.  To the extent that a response is required, Samsung denies the allegations in paragraph 77 of the Complaint.

78.     The allegations in paragraph 78 of the Complaint express legal conclusions and thus no response is required.  To the extent that a response is required, Samsung denies the allegations in paragraph 78 of the Complaint.

## COUNT VI: CLAIM FOR PATENT INFRINGEMENT OF THE '066 PATENT

79.     Samsung repeats and incorporates by reference the responses of paragraphs 1 through 78 above as though fully set forth herein.

80.     Samsung denies the allegations in paragraph 80 of the Complaint.

81.     Samsung denies the allegations in paragraph 81 of the Complaint.

82.     Samsung denies the allegations in paragraph 82 of the Complaint.

83.     Samsung denies the allegations in paragraph 83 of the Complaint.

84.     Samsung denies the allegations in paragraph 84 of the Complaint.

85.     Samsung denies the allegations in paragraph 85 of the Complaint.

86.     The allegations in paragraph 86 of the Complaint express legal conclusions and thus no response is required.  To the extent that a response is required, Samsung denies the allegations in paragraph 86 of the Complaint.

87.     The allegations in paragraph 87 of the Complaint express legal conclusions and thus no response is required.  To the extent that a response is required, Samsung denies the allegations in paragraph 87 of the Complaint.

88.     The allegations in paragraph 88 of the Complaint express legal conclusions and thus no response is required.  To the extent that a response is required, Samsung denies the allegations in paragraph 88 of the Complaint.

89.     The allegations in paragraph 89 of the Complaint express legal conclusions and thus no response is required.  To the extent that a response is required, Samsung denies the allegations in paragraph 89 of the Complaint.

90.     The allegations in paragraph 90 of the Complaint express legal conclusions and thus no response is required.  To the extent that a response is required, Samsung denies the allegations in paragraph 90 of the Complaint.

91.     The allegations in paragraph 91 of the Complaint express legal conclusions and thus no response is required.  To the extent that a response is required, Samsung denies the allegations in paragraph 91 of the Complaint.

92.     The allegations in paragraph 92 of the Complaint express legal conclusions and thus no response is required.   To the extent that a response is required, Samsung denies the allegations in paragraph 92 of the Complaint.

93.     The allegations in paragraph 93 of the Complaint express legal conclusions and thus no response is required.   To the extent that a response is required, Samsung denies the allegations in paragraph 93 of the Complaint.

## RESPONSE TO DEMAND FOR JURY TRIAL

94.     This sentence contains a demand for jury trial to which no response is required.

## RESPONSE TO PRAYER FOR RELIEF

Samsung denies that Ericsson is entitled to any relief.

## AFFIRMATIVE AND OTHER DEFENSES

Samsung asserts the following defenses in response to the allegations of Ericsson's Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.   In addition to the defenses described below, Samsung reserves all rights to allege additional defenses that become known through the course of discovery or further investigation.   Samsung reserves the right to argue any defense, including as to non-infringement, invalidity, unenforceability, and/or remedy.

### FIRST DEFENSE
### (Non-Infringement)

Samsung does not infringe and has not infringed under any theory (including directly, jointly, contributorily, or by inducement) any valid and enforceable claim of the Asserted Patents, either literally or under the doctrine of equivalents.

## SECOND DEFENSE
### (Invalidity)

The Asserted Patents are invalid because they fail to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## THIRD DEFENSE
### (Statutory Damages Limitation)

Ericsson's recovery for alleged infringement of the Asserted Patents, if any, is limited by Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 286, 287, and 288.

## FOURTH DEFENSE
### (No Equitable Relief)

Ericsson is not entitled to equitable relief as it has an adequate remedy at law and cannot show that it has suffered or will suffer any immediate or irreparable harm from Samsung's actions.

## FIFTH DEFENSE
### (Prosecution History Estoppel)

Ericsson's claims are barred in whole or in part by prosecution history estoppel.  Ericsson is estopped, based on statements, representations, and admissions made during the prosecution before the United States Patent and Trademark Office of the patent families resulting in the Asserted Patents.

## SIXTH DEFENSE
### (Lack of Standing)

To the extent that Ericsson lacks all substantive rights to bring suit and to exclude others from practicing the claims of any of the Asserted Patents, Ericsson's claims are barred by a lack of standing.

**SEVENTH DEFENSE**
**(No Exceptional Case)**

Samsung has not engaged in any conduct that would make this an exceptional case that would entitle Ericsson to an award of attorneys' fees.

**EIGHTH DEFENSE**
**(No Willful Infringement)**

Ericsson's claims for enhanced damages, if any, and an award of fees and costs against the Samsung Defendants have no basis in fact or law and should be denied.

**NINTH DEFENSE**
**(Covenant Not to Sue, License, and/or Patent Exhaustion)**

Samsung and Ericsson entered into a 2014 Patent License Agreement ("2014 Agreement") between the parties, by which Samsung received, among other things, certain rights related to the Asserted Patents.  Samsung had an express and/or implied license to manufacture, use, import, and sell products licensed under the 2014 Agreement from at least February 1, 2014 until at least December 31, 2020.  Ericsson is not entitled to damages or any other remedy for Samsung's manufacture, use, importation, or sale of products licensed under the 2014 Agreement.  Further, Ericsson's claims for patent infringement are precluded in whole or in part to the extent that any allegedly infringing acts or products or components thereof are subject to a license, covenant not to sue or other equivalent agreement covering the Asserted Patents.

**TENTH DEFENSE**
**(Damages Limitation)**

To the extent that Ericsson claims any of the Assert Patents are essential to any wireless standard, Ericsson's recovery for alleged infringement of the Asserted Patents, if any, is limited by obligations to license such patents on fair, reasonable, and non-discriminatory ("FRAND" or "RAND") terms.

## ELEVENTH DEFENSE
## (LIMITATIONS FOR SALES COVERED BY 28 U.S.C. § 1498(A))

Ericsson's remedies, if any, are limited under 28 U.S.C. § 1498(a) to the extent that Ericsson accuses products that are provided, made, or used by or for the government of the United States of America.

## RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES OR COUNTERCLAIMS

Samsung reserves the right to amend or supplement its Answer.  Samsung has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses or counterclaims that may become available or apparent throughout the course of this action.  Samsung continues to investigate this matter and reserves the right to amend or seek to amend its Answer to assert any additional defenses or counterclaims that come to light upon further investigation and discovery.

## SAMSUNG'S COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Samsung Electronics Ltd. Co. and Samsung Electronics America, Inc. (collectively "Samsung" or "Counterclaim-Plaintiffs") counterclaim against Telefonaktiebolaget LM Ericsson and Ericsson Inc. (collectively "Ericsson" or "Counterclaim-Defendants") and, in support thereof, allege the following:

## NATURE OF THE ACTION

1.      This is a counterclaim action for infringement of U.S. Patent Nos. 9,748,243 ("'243 Patent"), 9,018,697 ("'697 Patent"), 9,048,219 ("'219 Patent"), 9,761,719 ("'719 Patent"), 10,797,397 ("'397 Patent"), and 8,265,714 ("'714 Patent") (the "Counterclaim Patents") pursuant to the Patent Laws of the United States of America, 35 U.S.C. §§ 100 et seq.

## PARTIES

2.      Counterclaim-Plaintiff Samsung Electronics Co., Ltd. ("SEC") is a corporation

organized and existing under the laws of the Republic of Korea with a principal place of business at 129 Samsung-ro, Maetan-3dong, Yeongtong-gu Suwon-si, Gyeonggi-do 16677.

3.      Counterclaim-Plaintiff Samsung Electronics America, Inc. ("SEA") is incorporated under the laws of New York with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey, 07660.

4.      Counterclaim-Defendant Telefonaktiebolaget LM Ericsson purports to be a corporation organized and existing under the laws of the Kingdom of Sweden, having its principal place of business at Torshamnsgatan 21, Kista, SE-164 83, Stockholm, Sweden.

5.      Counterclaim-Defendant Ericsson Inc. purports to be a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 6300 Legacy Drive, Plano, Texas 75024.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over Counterclaim-Plaintiffs' Declaratory Judgment claims pursuant to 28 U.S.C. §§ 2201–2202 and subject matter jurisdiction over patent infringement and validity pursuant to 28 U.S.C. §§ 1331 and 1338(a). Furthermore, an actual, substantial, and continuing justiciable controversy exists between Counterclaim-Plaintiffs and Ericsson based on Ericsson having filed a Complaint against Counterclaim-Plaintiffs alleging infringement of the Asserted Patents, with respect to which Counterclaim-Plaintiffs require a declaration of their rights by this Court. The controversy concerns the invalidity and non-infringement of the Asserted Patents, the right of Ericsson to maintain suit for alleged infringement of the Asserted Patents, and Ericsson's infringement of the Counterclaim Patents.

7.      The Court has personal jurisdiction over Ericsson, *inter alia*, because Ericsson has submitted to the personal jurisdiction of this Court by filing the Complaint.

8.      Venue is proper in this District as to these Counterclaims pursuant to 28 U.S.C. §§

1391(b)-(c) and 1400(b) because, *inter alia*, Ericsson has submitted to the venue of this Court by filing its Complaint here.  However, Counterclaim-Plaintiffs reserve the right to move to transfer venue in the underlying action to a more convenient judicial district irrespective of the allegations in these Counterclaims.

## **BACKGROUND**

9.     SEC and its subsidiaries, including SEA, are world leaders in electronics, specializing in wireless communications, semiconductors, digital appliances and media, memory, and system integration.  Founded in 1938, SEC has grown to become a world leader in the design, manufacture, and marketing of a wide variety of electronic products.  SEC is one of the largest manufacturers of wireless communications devices and cellular network equipment in the world and has long focused on the United States as a critical market for its products.  SEC established SEA to engage in activities in the United States related to certain of Samsung's product lines.

10.     SEC and its subsidiaries, including SEA, have one of the largest Research and Development budgets globally and have been instrumental in making 5G a commercial reality by helping launch some of the first 5G networks.  Samsung's investments in innovative and top-quality products and processes include investments in the field of wireless communications.  Samsung's industry advancements include cutting-edge wireless communication devices like smartphones and tablets, as well as the hardware and software that comprises the networks to which those devices connect, including wireless 5G base stations.  Additional information concerning Samsung can be obtained from SEC's 2019 Annual Report.

11.     In the United States, SEA has been involved with numerous activities relating to the commercialization, engineering, research and development, testing, customer service, importation, sales, marketing, and distribution of wireless communication devices, including base stations and mobile devices (including smartphones, tablets, smartwatches, and mobile

accessories) that communicate using the cellular standards, including 5G.  In the last two years, SEA has provided thousands of 5G base stations to U.S. carriers including Verizon, Sprint/T-Mobile, and AT&T, and has provided tens of millions of mobile devices in the United States.  SEA has also invested and continues to invest significantly in the United States in the above activities, including mobile research and development programs.

12.     On information and belief, Ericsson has signed contracts with cellular service providers in the United States to install base station equipment for 5G networks.  In Ericsson's 2019 Annual Report, the company stated "Ericsson led the way in 2019, deploying 54 live 5G networks in 44 unique markets across all major operators in the US."  Ericsson's website lists the company's current public contracts with 5G providers in the United States, including AT&T, Verizon, Sprint, T-Mobile, GCI, Rural Independent Network Alliance (RINA) Wireless, US Cellular, and Nex-Tech Wireless.  On information and belief, Ericsson's infringing products have been and are being imported into the United States for use in engineering, testing, and constructing 5G networks, or portions thereof, under these contracts.

13.     On information and belief, Ericsson makes, uses, sells, offers for sale within the United States, and/or imports into the United States the infringing products, including the Street Macro 6701.  *See* Exhibit 13 (exemplary product overview).  For example, in 2019, Ericsson applied for FCC certification for its Street Macro radio, a base station radio used in 5G networks. *See* Exhibit 14 (exemplary test report).  Additional exemplary Accused Products include but are not limited to the Air 6468 and Base Band 6630—which on information and belief contain the same modem chip—as well as the Air 1281, Air 5121, Air 5331, Base Band 5216, Base Band 6648, and Multi-Standard Digital Unit 41.

## FIRST COUNTERCLAIM
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

14.     Counterclaim-Plaintiffs Samsung repeats and incorporates by reference paragraphs 1 through 13 above as though fully set forth herein.

15.     Counterclaim-Plaintiffs have not directly or indirectly infringed, contributed to or induced infringement of any valid or enforceable claim of the Asserted Patents and have not otherwise committed any acts in violation of 35 U.S.C. § 271.

16.     An actual controversy exists between Counterclaim-Plaintiffs and Ericsson based on Ericsson having filed its Complaint against Counterclaim-Plaintiffs alleging infringement of the Asserted Patents.

17.     Counterclaim-Plaintiffs have been injured and damaged by Ericsson filing its Complaint alleging Counterclaim-Plaintiffs infringe patents that Counterclaim-Plaintiffs do not infringe.

18.     Counterclaim-Plaintiffs therefore seek a declaration that they have not infringed, and do not infringe, literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of the Asserted Patents.

## SECOND COUNTERCLAIM
## (DECLARATORY JUDGMENT OF INVALIDITY)

19.     Counterclaim-Plaintiffs Samsung repeats and incorporates by reference paragraphs 1 through 13 above as though fully set forth herein.

20.     One or more of the claims of the Asserted Patents are invalid for failing to meet the conditions for patentability as set forth in 35 U.S.C. § 1 et seq., including, but not limited to §§ 100, 101, 102, 103, and 112.

21.     An actual controversy exists between Counterclaim-Plaintiffs and Ericsson based on Ericsson having filed its Complaint against Counterclaim-Plaintiffs alleging infringement of

the Asserted Patents.

22.     Counterclaim-Plaintiffs have been injured and damaged by Ericsson filing its Complaint asserting invalid patents.

23.     Counterclaim-Plaintiffs therefore seek a declaration that one or more of the claims of the Asserted Patents are invalid for failing to meet the conditions for patentability as set forth in 35 U.S.C. § 1 et seq.

### THIRD COUNTERCLAIM
### (INFRINGEMENT OF U.S. PATENT NO. 9,748,243)

24.     Counterclaim-Plaintiffs Samsung repeats and incorporates by reference paragraphs 1 through 13 above as though fully set forth herein.

25.     U.S. Patent No. 9,748,243 ("'243 patent") is entitled "Semiconductor Device Having Contact Plugs and Method of Forming the Same" and issued August 29, 2017.  A copy of the '243 Patent is attached hereto as Exhibit 1.

26.     SEC is the owner of all rights, title, and interest in and to the '243 Patent and is entitled to sue for past and future infringement.

27.     Ericsson received actual notice of the '243 Patent through the filing of this Counterclaim and Samsung's concurrently filed ITC action.

28.     Ericsson has directly infringed the '243 Patent by making, using, selling, offering for sale in the United States, and/or importing into the United States semiconductor devices and wireless infrastructure equipment containing the same that practice one or more claims of the '243 Patent, examples of which are the Ericsson Trinity S semiconductor device and the Ericsson Street Macro 6701 base station, as well as but not limited to the other exemplary Accused Products listed above in Paragraph 13.  As shown in the claim chart attached as Exhibit 7, such infringing products practice at least one claim of the '243 Patent.

29.     Ericsson indirectly infringes the '243 Patent as provided by 35 U.S.C. § 271(b) by actively inducing others, including 5G network service providers who deploy infringing products in their 5G networks, to commit direct infringement of one or more claims of the '243 Patent. Service providers who deploy and make routine use of the infringing products in their 5G networks directly infringe the '243 Patent.

30.     Ericsson's affirmative acts of providing at least manuals, training, guides, and/or demonstrations induces service providers who deploy the infringing products in their 5G networks to perform acts intended by Ericsson to cause direct infringement of the '243 Patent.

31.     Ericsson performed the acts that constitute inducement with knowledge or at least willful blindness that the induced acts would constitute infringement.  At least through the filing of this Counterclaim and Samsung's concurrently filed ITC action, Ericsson has received actual notice that service providers directly infringe the '243 Patent and that its own acts induce such infringement.

32.     Ericsson also indirectly infringes the '243 Patent as provided by 35 U.S.C. § 271(c) by contributing to infringement of one or more claims of the '243 Patent by others, including 5G network service providers who deploy the infringing products in their 5G networks.

33.     Ericsson's affirmative acts of selling infringing 5G products and providing those products to service providers contribute to the infringement of the '243 Patent.  The infringing products are specially made or adapted for use in infringement of the '243 Patent and are not staple articles of commerce suitable for substantial noninfringing use.

34.     Ericsson contributed to the infringement of others with knowledge or at least willful blindness that the infringing products are specially made or adapted for use in an infringement of the '243 Patent and are not staple articles of commerce suitable for substantial noninfringing use.

At least through the filing of this Counterclaim and Samsung's concurrently filed ITC action, Ericsson has received actual notice that its acts constitute contributory infringement.

35.     Ericsson's infringement has been and continues to be willful and in reckless disregard for the '243 Patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct.

36.     Ericsson's continued infringement of the '243 Patent has damaged and will continue to damage Samsung.  Ericsson's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Samsung for which there is no adequate remedy at law.

**FOURTH COUNTERCLAIM**
**(INFRINGEMENT OF U.S. PATENT NO. 9,018,697)**

37.     Counterclaim-Plaintiffs Samsung repeats and incorporates by reference paragraphs 1 through 13 above as though fully set forth herein.

38.     U.S. Patent No. 9,018,697 ("'697 patent") is entitled "Fin Fet and Method of Fabricating Same" and issued April 28, 2015.  A copy of the '697 Patent is attached hereto as Exhibit 2.

39.     SEC is the owner of all rights, title, and interest in and to the '697 Patent and is entitled to sue for past and future infringement.

40.     Ericsson received actual notice of the '697 Patent through the filing of this Counterclaim and Samsung's concurrently filed ITC action.

41.     Ericsson has directly infringed the '697 Patent by making, using, selling, offering for sale in the United States, and/or importing into the United States semiconductor devices and wireless infrastructure equipment containing the same that practice one or more claims of the '697 Patent, examples of which are the Ericsson Trinity S semiconductor device and the Ericsson Street

Macro 6701 base station, as well as but not limited to the other exemplary Accused Products listed above in Paragraph 13.  As shown in the claim chart attached as Exhibit 8, such infringing products practice at least one claim of the '697 Patent.

42.     Ericsson indirectly infringes the '697 Patent as provided by 35 U.S.C. § 271(b) by actively inducing others, including 5G network service providers who deploy infringing products in their 5G networks, to commit direct infringement of one or more claims of the '697 Patent.  Service providers who deploy and make routine use of the infringing products in their 5G networks directly infringe the '697 Patent.

43.     Ericsson's affirmative acts of providing at least manuals, training, guides, and/or demonstrations induces service providers who deploy the infringing products in their 5G networks to perform acts intended by Ericsson to cause direct infringement of the '697 Patent.

44.     Ericsson performed the acts that constitute inducement with knowledge or at least willful blindness that the induced acts would constitute infringement.  At least through the filing of this Counterclaim and Samsung's concurrently filed ITC action, Ericsson has received actual notice that service providers directly infringe the '697 Patent and that its own acts induce such infringement.

45.     Ericsson also indirectly infringes the '697 Patent as provided by 35 U.S.C. § 271(c) by contributing to infringement of one or more claims of the '697 Patent by others, including 5G network service providers who deploy the infringing products in their 5G networks.

46.     Ericsson's affirmative acts of selling infringing 5G products and providing those products to service providers contribute to the infringement of the '697 Patent.  The infringing products are specially made or adapted for use in infringement of the '697 Patent and are not staple articles of commerce suitable for substantial noninfringing use.

47.     Ericsson contributed to the infringement of others with knowledge or at least willful blindness that the infringing products are specially made or adapted for use in an infringement of the '697 Patent and are not staple articles of commerce suitable for substantial noninfringing use. At least through the filing of this Counterclaim and Samsung's concurrently filed ITC action, Ericsson has received actual notice that its acts constitute contributory infringement.

48.     Ericsson's infringement has been and continues to be willful and in reckless disregard for the '697 Patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct.

49.     Ericsson's continued infringement of the '697 Patent has damaged and will continue to damage Samsung.  Ericsson's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Samsung for which there is no adequate remedy at law.

## FIFTH COUNTERCLAIM
### (INFRINGEMENT OF U.S. PATENT NO. 9,048,219)

50.     Counterclaim-Plaintiffs Samsung repeats and incorporates by reference paragraphs 1 through 13 above as though fully set forth herein.

51.     U.S. Patent No. 9,048,219 ("'219 patent") is entitled "High Integration Semiconductor Device and Method for Fabricating the Same" and issued June 2, 2015.  A copy of the '219 Patent is attached hereto as Exhibit 3.

52.     SEC is the owner of all rights, title, and interest in and to the '219 Patent and is entitled to sue for past and future infringement.

53.     Ericsson received actual notice of the '219 Patent through the filing of this Counterclaim and Samsung's concurrently filed ITC action.

54.     Ericsson has directly infringed the '219 Patent by making, using, selling, offering

for sale in the United States, and/or importing into the United States semiconductor devices and wireless infrastructure equipment containing the same that practice one or more claims of the '219 Patent, examples of which are the Ericsson Trinity S semiconductor device and the Ericsson Street Macro 6701 base station, as well as but not limited to the other exemplary Accused Products listed above in Paragraph 13.  As shown in the claim chart attached as Exhibit 9, such infringing products practice at least one claim of the '219 Patent.

55.     Ericsson indirectly infringes the '219 Patent as provided by 35 U.S.C. § 271(b) by actively inducing others, including 5G network service providers who deploy infringing products in their 5G networks, to commit direct infringement of one or more claims of the '219 Patent. Service providers who deploy and make routine use of the infringing products in their 5G networks directly infringe the '219 Patent.

56.     Ericsson's affirmative acts of providing at least manuals, training, guides, and/or demonstrations induces service providers who deploy the infringing products in their 5G networks to perform acts intended by Ericsson to cause direct infringement of the '219 Patent.

57.     Ericsson performed the acts that constitute inducement with knowledge or at least willful blindness that the induced acts would constitute infringement.  At least through the filing of this Counterclaim and Samsung's concurrently filed ITC action, Ericsson has received actual notice that service providers directly infringe the '219 Patent and that its own acts induce such infringement.

58.     Ericsson also indirectly infringes the '219 Patent as provided by 35 U.S.C. § 271(c) by contributing to infringement of one or more claims of the '219 Patent by others, including 5G network service providers who deploy the infringing products in their 5G networks.

59.     Ericsson's affirmative acts of selling infringing 5G products and providing those

products to service providers contribute to the infringement of the '219 Patent.  The infringing products are specially made or adapted for use in infringement of the '219 Patent and are not staple articles of commerce suitable for substantial noninfringing use.

60.     Ericsson contributed to the infringement of others with knowledge or at least willful blindness that the infringing products are specially made or adapted for use in an infringement of the '219 Patent and are not staple articles of commerce suitable for substantial noninfringing use. At least through the filing of this Counterclaim and Samsung's concurrently filed ITC action, Ericsson has received actual notice that its acts constitute contributory infringement.

61.     Ericsson's infringement has been and continues to be willful and in reckless disregard for the '219 Patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct.

62.     Ericsson's continued infringement of the '219 Patent has damaged and will continue to damage Samsung.  Ericsson's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Samsung for which there is no adequate remedy at law.

## SIXTH COUNTERCLAIM
### (INFRINGEMENT OF U.S. PATENT NO. 9,761,719)

63.     Counterclaim-Plaintiffs Samsung repeats and incorporates by reference paragraphs 1 through 13 above as though fully set forth herein.

64.     U.S. Patent No. 9,761,719 ("'719 patent") is entitled "Semiconductor Device Having Silicon-Germanium Source/Drain Regions with Varying Germanium Concentrations" and issued September 12, 2017.  A copy of the '719 Patent is attached hereto as Exhibit 4.

65.     SEC is the owner of all rights, title, and interest in and to the '719 Patent and is entitled to sue for past and future infringement.

66.     Ericsson received actual notice of the '719 Patent through the filing of this Counterclaim and Samsung's concurrently filed ITC action.

67.     Ericsson has directly infringed the '719 Patent by making, using, selling, offering for sale in the United States, and/or importing into the United States semiconductor devices and wireless infrastructure equipment containing the same that practice one or more claims of the '719 Patent, examples of which are the Ericsson Trinity S semiconductor device and the Ericsson Street Macro 6701 base station, as well as but not limited to the other exemplary Accused Products listed above in Paragraph 13.  As shown in the claim chart attached as Exhibit 10, such infringing products practice at least one claim of the '719 Patent.

68.     Ericsson indirectly infringes the '719 Patent as provided by 35 U.S.C. § 271(b) by actively inducing others, including 5G network service providers who deploy infringing products in their 5G networks, to commit direct infringement of one or more claims of the '719 Patent. Service providers who deploy and make routine use of the infringing products in their 5G networks directly infringe the '719 Patent.

69.     Ericsson's affirmative acts of providing at least manuals, training, guides, and/or demonstrations induces service providers who deploy the infringing products in their 5G networks to perform acts intended by Ericsson to cause direct infringement of the '719 Patent.

70.     Ericsson performed the acts that constitute inducement with knowledge or at least willful blindness that the induced acts would constitute infringement.  At least through the filing of this Counterclaim and Samsung's concurrently filed ITC action, Ericsson has received actual notice that service providers directly infringe the '719 Patent and that its own acts induce such infringement.

71.     Ericsson also indirectly infringes the '719 Patent as provided by 35 U.S.C. § 271(c)

by contributing to infringement of one or more claims of the '719 Patent by others, including 5G network service providers who deploy the infringing products in their 5G networks.

72.     Ericsson's affirmative acts of selling infringing 5G products and providing those products to service providers contribute to the infringement of the '719 Patent.  The infringing products are specially made or adapted for use in infringement of the '719 Patent and are not staple articles of commerce suitable for substantial noninfringing use.

73.     Ericsson contributed to the infringement of others with knowledge or at least willful blindness that the infringing products are specially made or adapted for use in an infringement of the '719 Patent and are not staple articles of commerce suitable for substantial noninfringing use. At least through the filing of this Counterclaim and Samsung's concurrently filed ITC action, Ericsson has received actual notice that its acts constitute contributory infringement.

74.     Ericsson's infringement has been and continues to be willful and in reckless disregard for the '719 Patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct.

75.     Ericsson's continued infringement of the '719 Patent has damaged and will continue to damage Samsung.  Ericsson's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Samsung for which there is no adequate remedy at law.

**SEVENTH COUNTERCLAIM**
**(INFRINGEMENT OF U.S. PATENT NO. 10,797,397)**

76.     Counterclaim-Plaintiffs Samsung repeats and incorporates by reference paragraphs 1 through 13 above as though fully set forth herein.

77.     U.S. Patent No. 10,797,397 ("'397 patent") is entitled "Antenna Module Including Dielectric Material and Electronic Device Including Antenna Module" and issued October 6, 2020.

A copy of the '397 Patent is attached hereto as Exhibit 5.

78.     SEC is the owner of all rights, title, and interest in and to the '397 Patent and is entitled to sue for past and future infringement.

79.     Ericsson received actual notice of the '397 Patent through the filing of this Counterclaim.

80.     Ericsson has directly infringed the '397 Patent by making, using, selling, offering for sale in the United States, and/or importing into the United States wireless communications equipment that practice one or more claims of the '397 Patent, examples of which are 4G and 5G base station stations and Ericsson Radio System products supporting beamforming and MIMO technology such as the Ericsson AIR 6488, as well as but not limited to the other exemplary Accused Products listed above in Paragraph 13.  As shown in the claim chart attached as Exhibit 11, such infringing products practice at least one claim of the '397 Patent.

81.     Ericsson indirectly infringes the '397 Patent as provided by 35 U.S.C. § 271(b) by actively inducing others, including 5G network service providers who deploy infringing products in their 5G networks, to commit direct infringement of one or more claims of the '397 Patent. Service providers who deploy and make routine use of the infringing products in their 5G networks directly infringe the '397 Patent.

82.     Ericsson's affirmative acts of providing at least manuals, training, guides, and/or demonstrations induces service providers who deploy the infringing products in their 5G networks to perform acts intended by Ericsson to cause direct infringement of the '397 Patent.

83.     Ericsson performed the acts that constitute inducement with knowledge or at least willful blindness that the induced acts would constitute infringement.  At least through the filing of this Counterclaim, Ericsson has received actual notice that service providers directly infringe

the '397 Patent and that its own acts induce such infringement.

84.     Ericsson also indirectly infringes the '397 Patent as provided by 35 U.S.C. § 271(c) by contributing to infringement of one or more claims of the '397 Patent by others, including 5G network service providers who deploy the infringing products in their 5G networks.

85.     Ericsson's affirmative acts of selling infringing 5G products and providing those products to service providers contribute to the infringement of the '397 Patent.  The infringing products are specially made or adapted for use in infringement of the '397 Patent and are not staple articles of commerce suitable for substantial noninfringing use.

86.     Ericsson contributed to the infringement of others with knowledge or at least willful blindness that the infringing products are specially made or adapted for use in an infringement of the '397 Patent and are not staple articles of commerce suitable for substantial noninfringing use. At least through the filing of this Counterclaim, Ericsson has received actual notice that its acts constitute contributory infringement.

87.     Ericsson's infringement has been and continues to be willful and in reckless disregard for the '397 Patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct.

88.     Ericsson's continued infringement of the '397 Patent has damaged and will continue to damage Samsung.  Ericsson's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Samsung for which there is no adequate remedy at law.

## EIGHTH COUNTERCLAIM
### (INFRINGEMENT OF U.S. PATENT NO. 8,265,714)

89.     Counterclaim-Plaintiffs Samsung repeats and incorporates by reference paragraphs 1 through 13 above as though fully set forth herein.

90.     U.S. Patent No. 8,265,714 ("'714 patent") is entitled "Method and Apparatus for Supporting Energy Saving Function in Communication System" and issued September 11, 2012. A copy of the '714 Patent is attached hereto as Exhibit 6.

91.     SEC is the owner of all rights, title, and interest in and to the '714 Patent and is entitled to sue for past and future infringement.

92.     Ericsson received actual notice of the '714 Patent through the filing of this Counterclaim.

93.     Ericsson has directly infringed the '714 Patent by making, using, selling, offering for sale in the United States, and/or importing into the United States network management systems that practice one or more claims of the '714 Patent, examples of which are 4G and 5G network management systems and systems operating the Ericsson Network Manager software, as well as but not limited to the other exemplary Accused Products listed above in Paragraph 13.  As shown in the claim chart attached as Exhibit 12, such infringing products practice at least one claim of the '714 Patent.

94.     Ericsson indirectly infringes the '714 Patent as provided by 35 U.S.C. § 271(b) by actively inducing others, including 5G network service providers who deploy infringing products in their 5G networks, to commit direct infringement of one or more claims of the '714 Patent. Service providers who deploy and make routine use of the infringing products in their 5G networks directly infringe the '714 Patent.

95.     Ericsson's affirmative acts of providing at least manuals, training, guides, and/or demonstrations induces service providers who deploy the infringing products in their 5G networks to perform acts intended by Ericsson to cause direct infringement of the '714 Patent.

96.     Ericsson performed the acts that constitute inducement with knowledge or at least

willful blindness that the induced acts would constitute infringement.  At least through the filing of this Counterclaim, Ericsson has received actual notice that service providers directly infringe the '714 Patent and that its own acts induce such infringement.

97.    Ericsson also indirectly infringes the '714 Patent as provided by 35 U.S.C. § 271(c) by contributing to infringement of one or more claims of the '714 Patent by others, including 5G network service providers who deploy the infringing products in their 5G networks.

98.    Ericsson's affirmative acts of selling infringing 5G products and providing those products to service providers contribute to the infringement of the '714 Patent.  The infringing products are specially made or adapted for use in infringement of the '714 Patent and are not staple articles of commerce suitable for substantial noninfringing use.

99.    Ericsson contributed to the infringement of others with knowledge or at least willful blindness that the infringing products are specially made or adapted for use in an infringement of the '714 Patent and are not staple articles of commerce suitable for substantial noninfringing use. At least through the filing of this Counterclaim, Ericsson has received actual notice that its acts constitute contributory infringement.

100.    Ericsson's infringement has been and continues to be willful and in reckless disregard for the '714 Patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct.

101.    Ericsson's continued infringement of the '714 Patent has damaged and will continue to damage Samsung.  Ericsson's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Samsung for which there is no adequate remedy at law.

**RESERVATION OF RIGHTS TO ASSERT
ADDITIONAL DEFENSES OR COUNTERCLAIMS**

Counterclaim-Plaintiffs reserve the right to supplement their Counterclaims. Counterclaim-Plaintiffs have not knowingly or intentionally waived any counterclaims, and reserve the right to assert and rely upon other counterclaims that may become available or apparent throughout the course of this action.  Counterclaim-Plaintiffs continue to investigate this matter and reserve the right to amend or seek to amend their Counterclaims to assert any counterclaims that come to light upon further investigation and discovery.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Samsung hereby demands a trial by jury on all issues so triable.

## EXCEPTIONAL CASE

This case is an exceptional case entitling Samsung to an award of its reasonable attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Samsung respectfully prays for the following relief:

D.      Judgment against Ericsson dismissing the Complaint and denying with prejudice all relief requested in Ericsson's Complaint and its prayer therein;

E.      For entry of judgment by this Court against Ericsson and in favor of Samsung in all respects, including that:

1.      the Counterclaim Patents are valid and enforceable;

2.      that Ericsson has and continues to directly infringe and/or indirectly infringe, by way of inducement and/or contributory infringement, the Counterclaim Patents; and

3.      that Ericsson's infringement of the Counterclaim Patents was willful and that Ericsson's continued infringement of the Counterclaim Patents is willful;

F.     An order permanently enjoining Ericsson, its officers, agents, servants, employees, and attorneys, all parent, subsidiary, and affiliate corporations and other related business entities, and all other persons or entities acting in concert, participation, or in privy with one or more of them, and their successors and assigns, from infringing, contributing to the infringement of, or inducing others to infringe the Counterclaim Patents;

G.     For damages arising from Ericsson's infringement of the Counterclaim Patents, together with pre-judgment and post-judgment interest, and that such damages be trebled as provided by 35 U.S.C. § 284;

H.      An order declaring that Samsung is the prevailing party and that this is an exceptional case, awarding Samsung its costs, expenses, disbursements, and reasonable attorney fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and
 Such other and further relief as this Court may deem just and proper; and

I.     Judgement awarding Samsung such other relief as this Court deems just and proper.

Date: February 4, 2021

Respectfully submitted,

*/s/ Melissa R. Smith*
Melissa Richards Smith
TX Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile:  (903) 934-9257

Gregory S. Arovas, P.C.
Todd M. Friedman, P.C.
greg.arovas@kirkland.com
todd.friedman@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Edward C. Donovan, P.C.
F. Christopher Mizzo, P.C.
edward.donovan@kirkland.com
chris.mizzo@kirkland.com
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave. N.W.
Washington, D.C. 20004
Telephone: (202) 389-5000
Facsimile: (202) 389-5200

**Attorneys for Samsung Defendants**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing

document has been served on February 4, 2021 to all counsel of record who are deemed to have

consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

<em>/s/ Melissa R. Smith</em> _____