IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ERICSSON INC., AND TELEFONAKTIEBOLAGET LM ERICSSON,<br><br>           Plaintiffs,<br><br>   v.<br><br>SAMSUNG ELECTRONICS CO., LTD., AND SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>           Defendants. | **Civil Action No. 2:21-cv-10-JRG**<br><br>**JURY TRIAL** |

## JOINT MOTION FOR STAY OF PROCEEDINGS

Ericsson Inc., Telefonaktiebolaget LM Ericsson, and Ericsson AB (collectively, "Ericsson") and Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") jointly move the Court to stay this proceeding in its entirety. Eight of the twelve asserted patents have been asserted by the parties in instituted proceedings pending before the U.S. International Trade Commission ("ITC"). The parties have conferred and jointly move for a mandatory stay of proceedings pursuant to 28 U.S.C §1659 as to the eight patents also being litigated before the ITC (collectively, the "ITC patents"), and respectfully request a discretionary stay of the proceedings relating to the remaining four patents (collectively, the "non-ITC patents").

### I. FACTUAL AND PROCEDURAL BACKGROUND

On January 15, 2021, Ericsson filed this action, asserting six patents—U.S. Patent No. 8,301,149 ("the '149 patent"); U.S. Patent No. 9,037,166 ("the '166 patent"); U.S. Patent No. 9,107,082 ("the '082 patent"); U.S. Patent No. 9,509,605 ("the '605 patent"); U.S. Patent No.

1

9,692,682 ("the '682 patent"); and U.S. Patent No. 10,172,066 ("the '066 patent") (the "Asserted Patents")—against Samsung (Counts I-VI).  (Dkt. No. 1.)  On the same day, Ericsson filed a complaint at the ITC asserting four of the six Asserted Patents—the '166 patent, '082 patent, '605 patent, and '682 patent—against Samsung.  (*See In the Matter of Certain Cellular Communications Infrastructure Systems, Components Thereof, and Products Containing Same,* Inv. No. 337-TA-1248 ("Inv. 1248"), Inst. of Inv. (Feb. 16, 2021); attached hereto as Exhibit A.)  On February 16, 2021, the ITC instituted investigation on all four Asserted Patents.  (*Id.*)

On February 4, 2021, Samsung filed its Answer and Counterclaims in this action, asserting declaratory judgment counterclaims of non-infringement and invalidity of the Asserted Patents (Counterclaims I-II) and patent infringement counterclaims on six patents—U.S. Patent No. 9,748,243 ("the '243 patent"), U.S. Patent No. 9,018,697 ("the '697 patent"), U.S. Patent No. 9,048,219 ("the '219 patent"), U.S. Patent No. 9,761,719 ("the '719 patent"), U.S. Patent No. 10,797,397 ("the '397 patent"), and U.S. Patent No. 8,265,714 ("the '714 patent") (the "Counterclaim Patents")—against Ericsson (Counterclaims III-VIII).  (Dkt. No. 7.)  That same day, Samsung filed a complaint at the ITC asserting four of the six Counterclaim Patents—the '243 patent, '697 patent, '219 patent, and '719 patent—against Ericsson. (*See In the Matter of Certain Semiconductor Devices, Wireless Infrastructure Equipment Containing the Same, and Components Thereof,* Inv. No. 337-TA-1254 ("Inv. 1254"), Inst. of Inv. (March 4, 2021); attached hereto as Exhibit B.)  On March 4, 2021, the ITC instituted investigation on all four Counterclaim Patents.  (*Id.*)

## II.     ARGUMENT

### A.     The Court Must Stay the Proceedings as to the ITC Patents

Pursuant to the mandatory stay provisions of 28 U.S.C. § 1659, the Court must stay each of Ericsson's patent infringement Counts II-V, Samsung's patent infringement Counterclaims III-

VI, and portions of Samsung's declaratory judgment Counterclaims I and II, all of which involve the same eight patents pending before the ITC.

Section 1659 mandates a stay of district court proceedings with respect to claims involving the same issues and parties that are also involved in ITC proceedings, upon request of an ITC respondent. 28 U.S.C. § 1659(a) ("… the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission…."). A Section 1659 stay is mandatory and non-discretionary. *See Fuji Photo Film Co., Ltd, v. Benun,* 463 F.3d 1252, 1256 (Fed. Cir. 2006) ("[T]he district court must await a final decision from the Commission before proceeding with its action."). The mandatory stay remains in effect "until the determination of the Commission becomes final." 28 U.S.C. § 1659(a).

ITC Inv. 1248 addresses the same issues as Ericsson's Counts II-V and Samsung's declaratory judgment counterclaims of non-infringement and invalidity (Counterclaims I-II) because they address the same exact patents: Ericsson's '166, '082, '605, and '682 patents. ITC Inv. 1248 involves all parties to Ericsson's infringement claims: Plaintiffs Ericsson Inc. and Telefonaktiebolaget LM Ericsson are the complainants in Inv. 1248, and Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. are the respondents in Inv. 1248. (Exhibit A at 2-3.) Similarly, ITC Inv. 1254 addresses the same issues as Samsung's Counterclaims III-VI because they address the same exact patents: Samsung's '243, '697, '219, and '719 patents, respectively. ITC Inv. 1254 involves most of the parties to Samsung's infringement counterclaims: Counterclaim-Plaintiffs Samsung Electronics Co., Ltd. is one of the complainants in Inv. 1254, and Counterclaim-Defendants Ericsson Inc. and Telefonaktiebolaget LM Ericsson are the respondents in Inv. 1254 (in addition to Ericsson AB). (Exhibit B at 2-3.)

Thus, Section 1659 mandates a stay of the proceedings as to the ITC patents.

    **B.    The Court Should Exercise Its Discretion to Stay the Proceedings as to the Non-ITC Patents**

District courts have the inherent power to stay proceedings. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). This District applies a three-factor test when considering whether to issue a stay pending the resolution of an ITC investigation with respect to patents not asserted in the ITC proceeding: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) the stage of the litigation; and (3) whether a stay will simplify issues in the litigation. *See Black Hills Media, LLC v. Samsung Elecs. Co., Ltd.*, No. 2:13-CV-379-JRG-RSP, Dkt. 63 at 1 (E.D. Tex. Mar. 17, 2014) (granting discretionary stay pending ITC investigation); *Nokia Techs. Oy v. Apple Inc.*, No. 2:16-cv-01441-JRG, Dkt. 32 (E.D. Tex. Mar. 3, 2017) (granting discretionary stay pending ITC investigation).[1] Here, all three factors strongly favor staying the claims relating to the four non-ITC patents: Ericsson's Counts I and VI, Samsung's corresponding declaratory judgment Counterclaims I and II, and Samsung's patent infringement Counterclaims VII-VIII.

First, the parties move to stay jointly; neither would be unduly prejudiced or disadvantaged by a stay.

Second, the litigation is in its infancy. Ericsson filed its complaint less than two months ago, and Samsung answered only a month ago. No discovery has started. The Court has not

---

[1]    This District's approach is consistent with other jurisdictions. *See SZ DJI Tech. Co. v. Autel Robotics USA LLC,* No. CV 16-706-LPS, 2019 WL 1244948, at *1 (D. Del. Mar. 18, 2019) (applying same three factors); *Arris Enters. LLC v. Sony Corp.*, No. 17-CV-02669-BLF, 2017 WL 3283937, at *2 (N.D. Cal. Aug. 1, 2017) (same).

yet held a case management conference.  Courts routinely grant stays in more mature cases.  *See Black Hills Media*, No. 2:13-CV-379-JRG-RSP, Dkt. 63 at 2 (discovery had commenced); *Alza Corp. v. Wyeth*, No. 9:06-CV-156, 2006 WL 3500015, at *2 (E.D. Tex. Nov. 21, 2006) (factor "heavily" favored stay where trial date had been set and discovery had commenced).

Third, judicial efficiency favors a stay because the ITC actions may resolve the parties' disputes altogether.  As the Court is aware, the parties previously fully resolved global litigation—including cases pending in this District—after the ITC heard two of the parties' cases.[2]  Upon completion of the ITC's investigations, the parties dismissed all pending litigation and entered into a global settlement and cross-license.  (*See* Case No. 6:12-cv-00894, Dkt. 77; 6:12-cv-00895 Dkt. 60.)  Similarly, here, the ITC investigations may obviate the need for further litigation of the Asserted Patents and Counterclaim Patents in this District.

Even if the parties are unable to finally resolve all their disputes upon completion of the ITC investigations, allowing the Court and parties to litigate all or some subset of the twelve asserted patents together once the ITC proceeding concludes would be more efficient.  This is because products accused with respect to the non-ITC patents, i.e., infrastructure equipment and components thereof, are also accused with respect to one or more of the ITC patents.  Thus, failure to stay the non-ITC patent-related claims would create proceedings on two separate tracks for similar accused products requiring duplicative discovery and potentially duplicative motions practice.  A stay would avoid these added burdens on the Court and parties.  *See Black Hills Media*, No. 2:13-CV-379-JRG-RSP, Dkt. 63 at 2 ("judicial efficiency favors a stay" pending ITC

---

[2]    *See Certain Elec. Devices, Including Certain Wireless Commc'n Devices, Tablet Computers, Media Players and Televisions, and Components Thereof*, Inv. No. 337-TA-862 (U.S.I.T.C.); *see also Certain Wireless Commc'ns Equip. and Articles Therein*, Inv. No. 337-TA-866 (U.S.I.T.C).

proceedings given "common issues of both law and fact that are best considered in a single proceeding"); *Chart Trading Dev., LLC v. Tradestation Grp., Inc.*, No. 6:15-cv-1136-JDL, 2016 WL 1246579, at *4 (E.D. Tex. Mar. 29, 2016) (granting stay pending post-grant proceedings where "issues before the Court will be greatly streamlined and duplicative resources will not have been wasted"); *Graphic Props. Holdings, Inc. v. Toshiba Am. Info. Sys., Inc.*, No. CV 12-213-LPS, 2014 WL 923314, at *2 (D. Del. Mar. 5, 2014) (granting stay to avoid "duplicative discovery" and "substantially reduce the amount of duplicative time and effort the parties and the Court will have to put into these cases").  Thus, the Court should stay the entire case until the ITC investigations are complete to avoid unnecessary waste of party, third-party, and judicial resources that will inevitably result if this case is litigated on two different tracks.

## III.   CONCLUSION

For the foregoing reasons, Ericsson and Samsung respectfully request that the Court grant this joint motion and stay all proceedings on Ericsson's claims (Counts I-VI) and Samsung's counterclaims (Counterclaims I-VIII) until the determination of the ITC becomes final.

Dated: March 5, 2021

Respectfully submitted,

 /s/ Melissa R. Smith
Melissa R. Smith
State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

Gregory S. Arovas, P.C.
Todd M. Friedman, P.C.
greg.arovas@kirkland.com
todd.friedman@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Edward C. Donovan, P.C.
edward.donovan@kirkland.com
F. Christopher Mizzo, P.C.
chris.mizzo@kirkland.com
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Ave. N.W.
Washington, D.C. 20004
Telephone: (202) 389-5000
Facsimile: (202) 389-5200

David Rokach
david.rokach@kirkland.com
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, IL 60645
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

/s/ Thomas M. Melsheimer
Thomas M. Melsheimer
Texas Bar No. 13922550
tmelsheimer@winston.com
M. Brett Johnson
Texas Bar No. 00790975
mbjohnson@winston.com
Michael A. Bittner
Texas Bar No. 24064905
mbittner@winston.com
J. Travis Underwood
Texas Bar No. 24102587
tunderwood@winston.com
**WINSTON & STRAWN LLP**
2121 North Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@McKoolSmith.com
Theodore Stevenson, III
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
Nicholas Mathews
Texas State Bar No. 24085457
nmathews@McKoolSmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000

**ATTORNEYS FOR PLAINTIFFS**

Paul Zeineddin
pzeineddin@axinn.com
**AXINN, VELTROP & HARKRIDER LLP**
950 F. Street, N.W.
Washington, DC 20004
Telephone: (202) 912-4700
Facsimile: (202) 912-4701

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2021, a true and correct copy of the above and foregoing document has been served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

/s/ <i>Melissa R. Smith</i><br>
Melissa R. Smith

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for Plaintiffs and counsel for Defendants have complied with Local Rule CV-7(h) by conferring, and all parties agree to filing this as a joint motion.

<i>/s/ Melissa R. Smith</i><br>
Melissa R. Smith